FILED IN MY OFFI
DISTRICT COURT CLE
10/11/2017 3:51:28
STEPHEN T. PACHE
Ginger Sl

**STATE OF NEW MEXICO**
**COUNTY OF SANTA FE**
**FIRST JUDICIAL DISTRICT COURT**

**KYLE BRISBIN, Individually, and as**
**Personal Representative of the Estate of**
**ROBERT F. BRISBIN, Deceased,**

No. D-101-CV-2017-02877
Case assigned to Mathew, Francis J.

       **Plaintiff,**

**v.**

**AB STAFFING SOLUTIONS, LLC, and**
**PARMJIT M. SINGH, MD,**

       **Defendants.**

## COMPLAINT FOR MEDICAL NEGLIGENCE,
## WRONGFUL DEATH AND PUNITIVE DAMAGES

    **COMES NOW** Plaintiff, Kyle Brisbin, individually and as Personal Representative of the

Estate of Robert F. Brisbin, deceased, by and through her counsel of record, the Law Offices of

David M. Houliston (David M. Houliston), and for her Complaint for Medical Negligence,

Wrongful Death and Punitive Damages states:

    1.    Kyle Brisbin ("Mrs. Brisbin") is Robert F. Brisbin's widow, and the Personal

Representative of Robert F. Brisbin's Estate ("Mr. Brisbin"), and is a resident the City of

Albuquerque, County of Bernalillo in the State of New Mexico.

    2.    Upon information and belief, at all times material hereto, Defendant AB Staffing

Solutions, LLC, is an Arizona limited liability company, authorized to do business in New Mexico,

and can be served through its registered agent, Cogency Global, Inc., located in Santa Fe, New

Mexico.

    3.    Parmjit M. Singh, M.D. ("Dr. Singh") is believed to be an emergency medical

physician and was the treating emergency physician responsible for the care and treatment of

Robert Brisbin.



EXHIBIT

A

4.    At all times relevant herein, Defendant, AB Staffing Solutions, LLC, acted by and through their agents, ostensible agents, and employee doctors.

5.    Dr. Singh's negligence is imputed to AB Staffing Solutions, LLC, pursuant to the legal doctrine of *Respondeat Superior*.

6.    Mr. Brisbin died on January 25, 2015, as a direct and proximate result of the negligence by Dr. Singh as outlined in the Complaint herein.

7.    Based upon the above paragraphs, venue is proper in the First Judicial District Court and this Court has jurisdiction over the parties and the subject matter of this action.

## FACTS

8.    Robert Brisbin presented to the Veterans Administration ("VA") Hospital's Emergency Department on December 28, 2014, at approximately 8:54 p.m. after a fall in his home. He had loss of consciousness and right-sided weakness, and other associated symptoms of stroke.

9.    Dr. Singh evaluated and sent Mr. Brisbin for a CT without intravenous contrast.

10.    The CT revealed Mr. Brisbin was suffering a left thalamic hemorrhage approximately 3 x 3.6 cm in size, with associated intraventricular hemorrhage predominantly on left side; 2.3mm left to right midline shift.

11.    At 9:40 p.m., the VA neurosurgeon, Dr. Pappu, requested Mr. Brisbin, due to the seriousness of his condition, be transferred to UNM Hospital for higher level care.

12.    At 10:45 p.m., Superior Ambulance's dispatch received the call to transport Mr. Brisbin from the VA to UNM Hospital, and arrive at the VA's emergency department at 11:58 a.m.

2

13.   At this time, Mr. Brisbin sweating profusely, his blood pressure was elevated and he was throwing up.  After stabilizing Mr. Brisbin, he was transported at 12:30 a.m. and arrived at UNM Hospital's emergency room at 12:40 a.m.

14.   After being hospitalized at UNM Hospital for approximately the three weeks, Mr. Brisbin died on January 25, 2015, as a result of the bleed in his brain.

15.   Defendant Singh's negligence was in the management of intracranial bleeding and failure to take action to slow or stop the intracranial bleeding process which requires immediate and aggressive treatment to slow, and stop the bleeding, thus "saving the brain."

## COUNT I:  NEGLIGENCE

16.   Plaintiff sets forth each and every allegation previously stated in the above paragraphs as if fully set forth herein.

17.   Defendants by and through their employees, agents, ostensible agents or servants, failed to exercise due care in their treatment and care of Robert Brisbin.

18.   Defendants' negligence caused Plaintiff's and Mr. Brisbin's injuries and to incur medical bills, significant pain and suffering, loss of enjoyment of life, and ultimately caused or contributed to Mr. Brisbin's death.

## COUNT II: PROFESSIONAL NEGLIGENCE

19.   Plaintiff sets forth each and every allegation previously stated in the above paragraphs as if fully set forth herein.

20.   Defendants by and through their employees, agents, ostensible agents or servants are healthcare providers as defined by New Mexico law.

3

21.   Mr. Brisbin was entitled to receive healthcare from Defendants, of a kind and quality in keeping with community and professional standards for providing similar care and sufficient to avoid an unreasonable risk of injury to patients.

22.   Defendants, their employees, agents, ostensible agents and servants, breached their duty of care and the applicable standard of medical care owed to Mr. Brisbin when treating and caring for him which directly caused physical injury and harm to him and was the direct and proximate cause of all of the injuries and damages being pursued by the Plaintiff.

23.   As the attending emergency room physician, Dr. Singh had a duty to ensure Mr. Brisbin was quickly and timely transported to UNM Hospital pursuant to the neurosurgeon's order. Dr. Singh's failure to ensure Mr. Brisbin was quickly and timely transported to UNM Hospital as ordered was professional negligence, and such negligence allowed the brain hemorrhage to continue to expand, causing Mr. Brisbin to deteriorate further, become unresponsive, and critical.

24.   Defendant Singh's failure to follow-up with, and to ensure, a timely call for transport of Mr. Brisbin to UNM Hospital was a breach of and fell below the standard of care.

25.   As a result of the Defendant Singh's actions and omissions, including but not limited to his failure to ensure an expeditious and timely call for transport of Mr. Brisbin to UNM Hospital, Mr. Brisbin's brain bleed continued to expand, causing him further injury to his detriment and his death.

26.   As a result of Dr. Singh's negligence, Mr. Brisbin's required care was delayed which allowed for significant interval worsening of his condition and the left brain hemorrhage to expand.

27.   Pain and suffering and the resultant death of Robert Brisbin were directly caused or directly contributed to by the conditions pled herein. Those conditions created a reasonably foreseeable risk of the kind of injury that in fact occurred.

4

## COUNT III:  WRONGFUL DEATH

28.   Plaintiff sets forth each and every allegation previously stated in paragraphs 1 through 32 above as if fully set forth herein.

29.   As a direct and proximate cause of the negligent acts of the Defendants, Mr. Brisbin's brain hemorrhage was not properly controlled and led to his death.

30.   This action is brought pursuant to the New Mexico Wrongful Death Act, NMSA 1978, §41-2-1, *et seq.*, and Plaintiff is entitled to seek and/or recover all damages allowed by law under the Act including any aggravating circumstances, and the costs of having to litigate this matter, on behalf of Robert Brisbin.

31.   As a direct and proximate result of Defendants' acts and omissions, and negligence *per se*, Robert Brisbin died unnecessarily and the Plaintiff was harmed.

32.   All of the injuries to Mr. Brisbin relating to this incident were and are due to the acts and omissions of the Defendants without any contributing negligence on the part of Plaintiff or Decedent.

## COUNT IV:  LOSS OF CONSORTIUM

33.   Plaintiff sets forth each and every allegation previously stated above as if fully set forth herein.

34.   Plaintiff Kyle Brisbin loved her husband very much and continuously misses him and the relationship that exists between a husband and a wife.

35.   That loss of consortium includes, but is not limited to, the loss and deprivation of a relationship with her husband, loss of companionship, guidance, loss of the marital and familial relationship, mental anguish, family stability, and other associated trauma related to the loss of a husband.

36.   The death of Robert Brisbin has caused a loss of consortium, as that term is legally defined, for which Defendants are liable.

## COUNT V – PUNITIVE DAMAGES

37.   Plaintiff sets forth all of the allegations above as if fully set forth herein.

38.   The conduct of the Defendants was willful, wanton, reckless, and with utter disregard for the safety and health of Robert Brisbin, and punitive damages should be awarded against the Defendants to punish them and to deter others against similar conduct.

## CONCLUSION

**WHEREFORE**, Plaintiff prays judgment be entered in her favor against the Defendants for compensatory damages in an amount to be proven at the time of trial, for costs associated with the bringing of this cause of action, for punitive damages, for prejudgment and post-judgment interest at the statutory rates, and for such other and further relief as the Court deems just and proper.

Respectfully submitted:

**LAW OFFICES OF DAVID M. HOULISTON**

*/s/ David M. Houliston*
DAVID M. HOULISTON, ESQ.
*Attorney for Plaintiff*
500 Tijeras Avenue NW
Albuquerque, NM 87102
Phone: (505) 247-1223
Fax:   (505) 214-5204
david@houlistonlaw.com

LAW OFFICES OF
DAVID M. HOULISTON
500 Tijeras NW
Albuquerque, NM 87102

AB Staffing Solutions, LLC
2680 S. Val Vista Drive, Suite 152
Gilbert, AZ 85295

NOV 0 8 2017

WED 01 NOV 2017 PM

7016 0340 0000

$7.710
US POSTAGE
FIRST-CLASS
062S0009458884
87102

* 851   DDE 1   117C0111/06/17
NOTIFY SENDER OF NEW ADDRESS
AB STAFFING SOLUTIONS
3451 S MERCY RD
GILBERT AZ 85297-0100
BC:  85297010099   2104N310231-00679

